IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2011

## CHARLES EDWARD GRAHAM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 80738     Richard R. Baumgartner, Judge**

_____

**No.  E2010-02379-CCA-R3-PC - Filed February 3, 2012**

_____

A Knox County jury convicted Petitioner, Charles Edward Graham, of reckless aggravated assault, tampering with evidence, possession of marijuana, and failure to provide proof of financial responsibility, and the trial court sentenced him to an effective sentence of twenty-seven years.  *State v. Charles Edward Graham*, No. E2005-02937-CCA-R3-CD, 2008 WL 199851, at *1, *4 (Tenn. Crim. App., at Knoxville, Jan. 24, 2008), *perm. app. denied*, (Tenn. Sep. 15, 2008).  Petitioner was unsuccessful on appeal to this Court.  *Id.* at *1.  Petitioner subsequently filed a petition for post-conviction relief arguing that trial counsel rendered ineffective assistance of counsel.  After a hearing, the post-conviction court denied the petition.  Petitioner now appeals this denial.  We determine that the post-conviction court's denial was proper because trial counsel did not coerce or unduly influence Petitioner with regard to his decision not to testify at trial; trial counsel was employing a reasonable trial tactic by not requesting jury instructions on any lesser included offenses; and trial counsel was not deficient with regard to attempting to obtain a plea bargain.  Therefore, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee for the appellant, Charles Edward Graham.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and Randell E. Nichols, District Attorney General, and TaKisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner was involved in an automobile accident in Knox County a 1:30 a.m. *Id.* at *1 Two witnesses described Petitioner's driving as erratic. *Id.* at *2. A witness testified that she saw Petitioner "dr[i]ve over the curb and onto the sidewalk, heading straight toward [a] blue vehicle" "sitting in the Hardees parking lot waiting to pull out." *Id.* The driver of the blue vehicle was Investigator Chris Wells of the Knoxville Police Department, he was "lying face first outside of the passenger side of his vehicle." *Id.* Due to injuries sustained in the accident, Investigator Wells was unable to walk for three months and has no memory of the accident. *Id.*

When officers arrived, they began to question Petitioner. *Id.* at *3. He gave them permission to search his vehicle. During the search, the officers found what they thought was a marijuana cigarette. *Id.* They placed it on the trunk of Petitioner's vehicle and started to arrest Petitioner. Before they could handcuff Petitioner, he grabbed the marijuana cigarette and tried to destroy it. *Id.* The officers struggled with Petitioner to try to get back the marijuana cigarette. The officers regained control of Petitioner and were able to place him in the back of the patrol car. When they attempted to get the marijuana cigarette, they realized that it had been ripped open during the struggle and the marijuana was no longer in the cigarette paper. *Id.*

The Knox County Grand Jury indicted Petitioner for vehicular assault, driving under the influence, tampering with evidence, simple possession of a controlled substance, resisting arrest, and failure to provide proper evidence of financial responsibility. A Knox County Jury convicted Petitioner of reckless aggravated assault, tampering with evidence, possession of marijuana, and failure to provide proof of financial responsibility. *Id.* at *1. The trial court sentenced him to an effective sentence of twenty-seven years. *Id.* at *4. He unsuccessfully appealed his convictions and his sentence to this Court. *Id.* at *1.

On April 1, 2009, Petitioner filed a petition for post-conviction relief. In this petition he argued that he was afforded the ineffective assistance of counsel. Petitioner asserted that trial counsel was ineffective because trial counsel did not present any evidence that the accident was the result of a mechanical failure or Petitioner's tendency to have hypoglycemia; trial counsel did not request an instruction on the lesser included offenses of reckless endangerment and reckless driving; and trial counsel did not obtain a reasonable plea bargain resolution. The post-conviction court held a hearing on October 14, 2010.

Petitioner testified at the hearing. Petitioner testified that trial counsel was appointed by the trial court. Petitioner stated that trial counsel came to visit him and that Petitioner wrote trial counsel several letters. Petitioner stated that he informed trial counsel of his prior record to some extent. Trial counsel did discuss sentencing ranges with Petitioner. Petitioner stated that at the time of trial he believed he was facing fifteen years incarceration at the most and more in the range of six to eight years.

When they discussed the defense of the case Petitioner testified that he told trial counsel that he was not high on marijuana. He testified, "I did not come out and spell out the hypoglycemic episode as it was, but I did say I was experiencing some problems that night." Petitioner testified that the hypoglycemic episode started occurring before the episode. He also stated that the symptoms described by the officers, irritability, sweating, and talking erratically, are all symptoms of hypoglycemia. According to Petitioner, trial counsel did not want to present this issue at trial because "the evidence would have required a blood test" and Petitioner was not given a blood test at the time of the accident because he was "too combative."

Petitioner also maintained that he informed trial counsel that the vehicle Petitioner was driving at the time was new and he had only owned it for five days. He stated that the vehicle had mechanical problems.

Petitioner testified that he did not testify at trial. He stated that he understood that he could have testified on his own behalf. Petitioner stated that he and trial counsel determined that him testifying was not the best course of action because a police officer had been injured and Petitioner did not want to act "too flippant" about the injuries that occurred to the officer. He stated that testifying in his own behalf would not have been in his best interest. They also discussed whether or not his prior convictions could be used to impeach Petitioner if he were to testify. Trial counsel advised him not to testify, and Petitioner unequivocally testified that he himself made the decision not to testify.

Petitioner made it clear to trial counsel that he was not intoxicated at the time of the accident. Petitioner stated that he believed trial counsel was successful in proving that he was not intoxicated.

With regard to a possible plea deal, Petitioner testified that he told trial counsel he was interested in a plea deal. However, the District Attorney's office made it clear that it was not interested in offering a deal. Petitioner testified that trial counsel did bring a plea deal to him where he would plead guilty and the trial court would determine his sentence. Petitioner stated that he did not think the plea offered was in his best interest.

On cross-examination, Petitioner admitted that he did not tell the officers the night of the accident that he was having a hypoglycemic episode. He admitted that he told the officers that the other vehicle had pulled out in front of him. Petitioner stated that the hypoglycemia and being hit by the airbag "discombobulated" him and he was not thinking clearly.

Trial counsel also testified at the hearing. He stated that when he was appointed to the case he obtained all the information the Public Defenders office, who had previously represented Petitioner, had collected on the case. He watched the videotapes from the different police vehicles that had been on the scene. Trial counsel thought that there was a great deal of conflict between what Petitioner said had happened and what the officers said had happened. So, trial counsel spent a lot of time figuring out what happened. He also went to the scene and took photographs and recreated the measurements the officers used for their diagrams of the accident. Trial counsel used this information during cross-examination of the officers. He focused on where things were located and whether the accident could have happened the way the officers claimed. Trial counsel also investigated the witnesses by completing background checks and listening to their statements. Trial counsel testified that he received many lengthy letters from Petitioner. He found these letters to be helpful because Petitioner is a very intelligent person.

Trial counsel was aware that the State was seeking enhanced punishment for Petitioner. Trial counsel stated that the issue was litigated in the trial court. Trial counsel agreed that he advised Petitioner not to testify. He did stress to Petitioner that it was Petitioner's decision whether to testify or not. Trial counsel explained to Petitioner that his prior convictions could be used to impeach him if he decided to testify.

At trial, trial counsel relied on more than one theory of defense. One theory was that the officers had constructed the scene incorrectly and that the incident was truly an accident. Therefore, under this theory, the facts would not support a conviction of vehicular assault. Trial counsel also tried to demonstrate that Petitioner was not under the influence of marijuana at the time of the accident.

With regard to jury instructions, trial counsel's actions were based on strategy. He testified that he did not believe that the State's case was strong enough to prove vehicular assault. For this reason, trial counsel did not ask for jury instructions on any lesser included offenses because he did not want to give the jury any other choices. Trial counsel was hoping for an acquittal if the jury did not have any other choices. The State asked for a jury charge on aggravated reckless driving, and it was the charge for which Petitioner was convicted.

Trial counsel stated that he discussed a possible plea with the District Attorney's office. He stated that he was told Petitioner could plead to the charges for which he was indicted. There was no discussion as to Petitioner being allowed to be sentenced to a lower range.

Trial counsel could not recall Petitioner mentioning that he was having a hypoglycemic episode at the time of the accident. He stated that Petitioner's claims of mechanical difficulty "rang a bell," but he could not remember any specifics.

At the conclusion of the hearing, the post-conviction court denied the petition. With regard to the decision not to testify at trial, the post-conviction court found that Petitioner stated that he had made the decision not to testify at trial. Petitioner knew that he would not be able to explain himself and felt that the less he said in the matter the better. In addition, the post-conviction court found that Petitioner did not state that he blamed trial counsel for the decision. Petitioner did not testify that trial counsel coerced him or unduly influenced him. In addition, the record at trial contains his election not to testify.

As for Petitioner's complaint that trial counsel did not request any lesser included offenses, the post-conviction court once again found that Petitioner was not able to prevail. The post-conviction court determined that trial counsel's decision was a trial tactic. The post-conviction court found that the tactic was a reasonable position.

Petitioner now appeals the post-conviction court's denial of his petition.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in determining that trial counsel was not ineffective with regard to failing to present Petitioner's testimony about his hypoglycemia and the mechanical condition of the vehicle; the failure to request lesser included offenses; and the failure to obtain a satisfactory plea bargain.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However,

the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins*, 911 S.W.2d at 347. This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

We have reviewed the record on appeal. At the hearing on the petition, it is clear that Petitioner states that it was his decision not to testify. He agreed that trial counsel advised him not to testify, but there is ample evidence in Petitioner's testimony that he himself determined it would be in his best interest not to testify. Therefore, we find no evidence that preponderates against the findings of the post-conviction court.

With regard to the failure to request lesser included offenses, Petitioner once again is unable to prove his accusation. Trial counsel testified that he decided not to ask for a

lesser included offense so as not to give the jury another choice for a conviction. We agree with the post-conviction court that his was a reasonable trial tactic after adequate preparation.

Petitioner also complains that trial counsel did not obtain a reasonable plea bargain. Trial counsel testified that he approached the District Attorney's office and inquired about a plea bargain. He was told that the only bargain on the table was that Petitioner plead to the charges as indicted. Trial counsel did all he could do to obtain a plea bargain. We conclude that trial counsel did not act deficiently in this regard.

Petitioner has not been able to prove either that trial counsel was ineffective or that he was prejudiced as a result of trial counsel's actions. Therefore, this issue is without merit.

## **CONCLUSION**

For the foregoing reasons, we affirm the decision of the trial court.


_____
JERRY L. SMITH, JUDGE